Cloud v. Merck & Company, Inc. et al    Doc. 13

Case 3:05-cv-05046-CRB   Document 13   Filed 07/10/2006   Page 1 of 2
Case 2:05-md-01657-EEF-DEK   Document 3542   Filed 03/01/2006   Page 1 of 4

A CERTIFIED TRUE COPY

FEB 27 2006

ATTEST
FOR THE JUDICIAL PANEL ON
MULTIDISTRICT LITIGATION

FILED
U.S. DISTRICT COURT
EASTERN DISTRICT OF LA

2006 MAR -1 PM 12: 14

LORETTA G. WHYTE
CLERK

JUDICIAL PANEL ON
MULTIDISTRICT LITIGATION

FEB - 9 2006

FILED
CLERK'S OFFICE

DOCKET NO. 1657

### BEFORE THE JUDICIAL PANEL ON MULTIDISTRICT LITIGATION

*IN RE VIOXX MARKETING, SALES PRACTICES AND PRODUCTS LIABILITY LITIGATION*

06-1074
SECT. L MAG 3

*Jess Cloud v. Merck & Co., Inc., et al.*, N.D. California, C.A. No. 3:05-5046

### CONDITIONAL TRANSFER ORDER (CTO-41)
### AND SIMULTANEOUS SEPARATION AND REMAND OF CERTAIN CLAIMS

On February 16, 2005, the Panel transferred 138 civil actions to the United States District Court for the Eastern District of Louisiana for coordinated or consolidated pretrial proceedings pursuant to 28 U.S.C. § 1407. Since that time, 3,008 additional actions have been transferred to the Eastern District of Louisiana. With the consent of that court, all such actions have been assigned to the Honorable Eldon E. Fallon.

It appears that the Northern District of California action on this conditional transfer order (*Cloud*) involves questions of fact which are common to: 1) the actions in MDL-1657 previously transferred to the Eastern District of Louisiana and assigned to Judge Fallon; and 2) the centralized pretrial proceedings in the Northern District of California before the Honorable Charles R. Breyer in MDL-1699, *In re Bextra and Celebrex Marketing, Sales Practices and Products Liability Litigation*, in which *Cloud* is already included. *Cloud* comprises two sets of claims, as follows: 1) claims relating to the prescription drug Vioxx that involve common questions of fact with the previously transferred MDL-1657 actions; and 2) claims relating to the prescription drugs Bextra and/or Celebrex that involve common questions of fact with the previously transferred MDL-1699 actions.

Pursuant to Rule 7.4 of the Rules of Procedure of the Judicial Panel on Multidistrict Litigation, 199 F.R.D. 425, 435-36 (2001), this action is transferred under 28 U.S.C. § 1407 to the Eastern District of Louisiana for the reasons stated in the order of February 16, 2005, 360 F.Supp.2d 1352 (J.P.M.L. 2005), and, with the consent of that court, assigned to the Honorable Eldon E. Fallon.

Inasmuch as no objection is
pending at this time, the
stay is lifted.

FEB 27 2006

CLERK'S OFFICE
JUDICIAL PANEL ON
MULTIDISTRICT LITIGATION

CLERK'S OFFICE
A TRUE COPY
JUN 28 2006

Deputy Clerk, U.S. District Court
Eastern District of Louisiana
New Orleans, LA

___ Fee____
___ Process____
X  Dktd____
✓  CtRmDep____
___ Doc. No____

The claims in this action relating to Bextra and/or Celebrex are hereby separated and remanded, pursuant to 28 U.S.C. § 1407(a), to the Northern District of California for continued inclusion in the centralized pretrial proceedings in MDL-1699.

This order does not become effective until it is filed in the Office of the Clerk of the United States District Court for the Eastern District of Louisiana. The transmittal of this order to said Clerk shall be stayed fifteen (15) days from the entry thereof and if any party files a notice of opposition with the Clerk of the Panel within this fifteen (15) day period, the stay will be continued until further order of the Panel.

FOR THE PANEL:

_Michael J. Beck_
Michael J. Beck
Clerk of the Panel